## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:

| | |
|---|---|
| Munce's Superior Petroleum Products, Inc., | Bk. No. 11-10975-JMD |
| Gorham Oil, Inc., | Bk. No. 11-10977-JMD |
| Superior Trucking, Inc., | Bk. No. 11-10978-JMD |
| Munce's Real Estate Ventures, LLC, | Bk. No. 11-10979-JMD |
| BMRA Real Estate Ventures, LLC, and | Bk. No. 11-10980-JMD |
| Harold P. Munce and Marilyn J. Munce, | Bk. No. 11-11889-JMD |
| Debtors. | Jointly Administered. |

**ORDER AUTHORIZING DEBTORS HAROLD P. MUNCE AND MUNCE'S SUPERIOR PETROLEUM PRODUCTS, INC. AUTHORITY TO SELL BY PRIVATE SALE CERTAIN ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS UNDER CODE SECTION 363**

This matter came to be heard on the Motion by Debtors Harold P. Munce and Munce's Superior Petroleum Products, Inc. For Authority to Sell by Private Sale Certain Assets of the Debtor Free and Clear of All Liens, Claims, Encumbrances and Interests Under Code Section 363 (the "Sale Motion"). Pursuant to the terms of the Sale Motion, Harold P. Munce and Munce's Petroleum Products, Inc. (the "Debtors") seek authority to sell to Mark Dickson and Russell Dumais (the "Proposed Buyers") certain minority membership interests in two (2) New Hampshire limited liability companies, namely MRRB, LLC ("MRRB") and BMRD Real Estate Ventures, LLC ("BMRD") (the "Assets") for a total purchase price of Three Hundred Thousand Dollars and Zero Cents ($300,000.00). In connection with the sale of the Assets, co-debtor Munce's Superior Petroleum Products, Inc. ("Munce") intends to sell all of its right, title and interest in and to certain fuel tanks, fuel pumps and related equipment (the "Fuel Delivery Assets") located at 63 Gilford East Drive, Gilford, New Hampshire, to BMRD concurrently with the sale of the membership interests to the Proposed Buyers. The purchase price for the Fuel Delivery Assets is Five Thousand Dollars ($5,000). Said sales will be made free and clear of all liens, claims, encumbrances and interests, with all liens, claims, encumbrances or interests

1

attaching to the proceeds of the sale. The Debtor also requests, for the reasons set forth herein, that the Court direct that its Order approving the sale of the Assets and the Fuel Delivery Assets is not subject to the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) and 6006(d), and include a finding that the Proposed Buyers and BMRD are good faith purchasers, as that term is used in § 365(m) of the Bankruptcy Code.

The court has reviewed the Sale Motion and heard and considered the statement of counsel in support of the relief requested in the Sale Motion during the Sale Hearing. The Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief herein granted,

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A). Venue of these cases and this motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105(a), and 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C. Proper, timely, adequate and sufficient notice of (i) the Sale Motion, (ii) the Sale Hearing and (iii) the transactions described in the Membership Interest Purchase Agreement have been provided to all interested person and entities in accordance with sections 105(a), and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006. Such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Sale Motion, the Sale Hearing of the Sale is or shall be required.

14802834.1

D. The Debtors have demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code prior to, and outside of, a plan of reorganization.

E. The Membership Interest Purchase Agreement was negotiated, proposed and entered into by the Debtors and the Proposed Buyers without collusion, in good faith, and from arm's-length bargaining positions.

F. The Proposed Buyers are good faith purchasers under section 363(m) of the Bankruptcy Code, and as such, they are entitled to all of the protections afforded thereby.

G. The Debtors may sell the Assets free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever, including rights of first refusal, because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

H. The Debtors have demonstrated that the proposed sale is in the best interests of their bankruptcy estate and their creditors.

NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Sale Motion is granted, as further described herein.

2. All Objections to the Sale Motion or the relief requested herein that have not been withdrawn, waived, accommodated or settled, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Membership Interest Purchase Agreement and all of the terms and conditions thereof, are hereby approved.

14802834.1

4. Pursuant to section 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized to consummate the Sale in accordance with the terms and conditions of the Membership Interest Purchase Agreement immediately upon entry of this Order.

5. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Assets shall be transferred to the Proposed Buyers, and shall be free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever, including rights of first refusal, with all such interests of any kind or nature whatsoever to attach to the net proceeds of the Sale in order of their priority, with the same validity, force and effect which they now have as against the Assets.

6. The Debtors are hereby authorized and directed in accordance with sections 105(a) and 365 of the Bankruptcy Code to (a) assume and assign to the Proposed Buyers, effective upon the Closing of the Sale, the Interest Purchase, free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever, including rights of first refusal, and (b) execute and deliver to the Proposed Buyers such documents or other instruments as may be necessary to assign and transfer the Interest Purchase to the Proposed Buyers.

7. The Interest Purchase shall be transferred to, and remain in full force and effect for the benefit of the Proposed Buyers in accordance with its respective terms, notwithstanding any provision in the Membership Interest Purchase Agreement that prohibits, restricts or conditions such assignment or transfer, and pursuant to section 365(k), the Debtors shall be relieved from any further liability with respect to the Interest Purchase after such assignment to and assumption by the Proposed Buyers.

8. The counterparty to the Interest Purchase is forever barred, stopped and permanently enjoined from asserting against the Debtors or the Proposed Buyers, or the property

14802834.1

of any of them, any default existing as of the date of the Sale Hearing, whether declared or undeclared or known or unknown; or, against the Proposed Buyers, any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtors.

9. On the Closing Date of the Sale, each of the Debtors' creditors is authorized and directed to execute such documents and to take all other actions as may be necessary to release its interests in the Assets, if any, as such interests may have been recorded or may otherwise exist.

10. This Order (a) shall be effective as a determination that on the Closing Date, all interests or claims of any kind or nature whatsoever, except for the Membership Interest Purchase Agreement referenced above, with respect to the Real Property and existing prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets.

11. The Proposed Buyers shall have no liability or responsibility for any liability or other obligation of the Debtors arising under or related to the Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the Membership Interest Purchase Agreement, the Proposed Buyers shall not be liable for any claims against the Debtors or any of their predecessors or affiliates, and the Debtors shall have no

14802834.1

successor or vicarious liabilities of any kind or character whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Real Property or the Lease prior to the Closing Date.

12. This Court retains jurisdiction to enforce and implement the terms and provisions of the Membership Interest Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: (i) compel delivery of the Real Property to the Proposed Buyers; (ii) resolve any disputes arising under or related to the Membership Interest Purchase Agreement, except as otherwise provided therein; (iii) interpret, implement, and enforce the provisions of this Order; and (iv) protect the Proposed Buyers against any interests in the Real Property, of any kind or nature whatsoever, attaching to the proceeds of the Sale.

13. Nothing contained in any plan of reorganization or liquidation confirmed in the case of the Debtors or any order of this court confirming such plan or plans shall conflict with or derogate from the provisions of the Membership Interest Purchase Agreement or the terms of this Order.

14. The transaction contemplated by the Membership Interest Purchase Agreement is undertaken by the Proposed Buyers in good faith, as that term is used in section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Proposed

Buyers, unless such authorization is duly stayed pending such appeal. The Proposed Buyers are purchasers in good faith of the Real Property, and are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

15. The terms and provisions of the Membership Interest Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estate, and its creditors, the Proposed Buyers, and their respective affiliates, successors and assigns, and shall be binding in all respects upon any affected third parties including, but not limited to, all persons asserting interests in the Assets to be sold to the Proposed Buyers pursuant to the Membership Interest Purchase Agreement, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

16. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be automatically stayed, but shall be effective and enforceable immediately upon signature of this Order.

18. Notwithstanding anything in the Sale Motion or this Order to the contrary, this Order shall be without prejudice to the rights of the Debtors to challenge the claims, liens, mortgages and/or security interests asserted against the Debtors' Real Property by their secured creditors.

Dated: _____, 2014      _____
                                                                      Honorable J. Michael Deasy
                                                                      United States Bankruptcy Judge

14802834.1